In the District Court of the United States
For the District of Rhode Island

| United States of America | : | |
|---|---|---|
| v. | : | Cr. Case 12-180M |
| Bruce Jeremiah | : | In violation of 18 U.S.C. § 371, |
| | : | In violation of 18 U.S.C. § 2314 |

<u>Memorandum in Support of Motion to Dismiss Because the Transportation of Waste from Used Vegetable Oil is not a Federal Crime.</u>

**Statutory Analysis,**

Waste from used vegetable oil is not mentioned in the provisions of 18 USC§ 2314[1] as being a crime to transport in interstate commerce.

---

[1] **18 USC§ 2314. Whoever transports, transmits, or transfers in interstate or foreign commerce any goods, wares, merchandise, securities or money, of the value of $5,000 or more, knowing the same to have been stolen, converted or taken by fraud;** or ***
Whoever, having devised or intending to devise any scheme or artifice to defraud, or for obtaining money or property by means of false or fraudulent pretenses, representations, or promises, transports or causes to be transported, or induces any person or persons to travel in, or to be transported in interstate or foreign commerce in the execution or concealment of a scheme or artifice to defraud that person or those persons of money or property having a value of $5,000 or more; or
Whoever, with unlawful or fraudulent intent, transports in interstate or foreign commerce any falsely made, forged, altered, or counterfeited securities or tax stamps, knowing the same to have been falsely made, forged, altered, or counterfeited; or
Whoever, with unlawful or fraudulent intent, transports in interstate or foreign commerce any traveler's check bearing a forged countersignature; or
Whoever, with unlawful or fraudulent intent, transports in interstate or foreign commerce, any tool, implement, or thing used or fitted to be used in falsely making, forging, altering, or counterfeiting any security or tax stamps, or any part thereof-
Shall be fined under this title or imprisoned not more than ten years, or both. If the offense involves a pre-retail medical product (as defined in section 670) the punishment for the offense shall be the same as the punishment for an offense under section 670 unless the punishment under this section is greater.
This section shall not apply to any falsely made, forged, altered, counterfeited or spurious representation of an obligation or other security of the United States, or of an obligation, bond, certificate, security, treasury note, bill, promise to pay or bank note issued by any foreign government. This section also shall not apply to any falsely made, forged, altered, counterfeited, or spurious representation of any bank note or bill issued by a bank or corporation of any foreign country which is intended by the laws or usage of such country to circulate as money.

The provisions of 18 USC § 2314 have not nationalized the interstate transportation of every piece of stolen of personal property. The Congress has only specified certain items of certain value for consideration in limited criminal proceeding in the U.S .District Courts of the nation. Stolen used vegetable oil waste from the fryaltors in local restaurants cannot be found in any Congressional records as a concern of Congress. Congress knows the difference between stolen retail products and waste.

To the extent that the Congress considers waste from used vegetable oil a hazardous material, its disposal would be covered by the provisions of the Comprehensive Environmental Response, Compensation and Liability Act ("CERCLA") §§ 101-405, as amended by the Superfund Amendments and Reauthorization Act of 1986 ("SARA"), 42 U.S.C. §§ 9601-9675. The U.S. Environmental Protection Agency in some instances regulates the manufacturing of vegetable oil,[2] but the transportation of allegedly stolen waste from used vegetable oil is not a federal crime.

Waste from used vegetable oil is not "**goods, wares, merchandise, securities or money**" which was transported in interstate commerce. Stolen goods, wares, and merchandise is ready for sale on the national market. However, waste product in of itself has no intrinsic value. It has to be recycled and reprocessed to be converted into biodiesel fuel for heating or mixture with gas. At best, waste from used vegetable oil is a raw product like dirt, wood, iron, ore, or oil which has

---

[2] Federal Register/Vol. 67, No. 66/Friday, April 5, 2002/Rules and Regulations. "On May 26, 2000, we proposed National Emission Standards for Hazardous Air Pollutants: Solvent **Extraction for Vegetable Oil Production** (65 FR 34252). The proposed rule included requirements for limiting emissions during vegetable oil production, including requirements during startup, shutdown, and malfunction (SSM) of vegetable oil production processes."

no value unless a manufacturing process converts the raw product into a specific good, ware, merchandise. If it is simply moved to a disposal location or buried or burned, waste has no value and no more likely to be stolen than a pile of leaves which could be used for fertilizer.

According to the above indictment the waste from used vegetable oil was not obtained by means of "**false or fraudulent pretenses.**"

According to the above indictment the waste from used vegetable oil was not transported in interstate commerce by means of "**forged, altered, or counterfeited securities or tax stamps.**"

According to the above indictment the waste from used vegetable oil was not transported in interstate commerce by means of **any traveler's check bearing a forged countersignature**";

Items and processes not mentioned in the federal statute cannot be the basis for charging the commission of a federal crime. The United States Courts have not interpreted 18 USC § 2314 as covering every any pierce of stolen property crossing state lines. Only specified items of personal property are covered and waste is not an item covered. Waste is not an item sold at retail stores.

For example, the United States Supreme Court in *Dowling v. United States*, 473 U.S. 207,213 -229, 105 S.Ct. 3127,87 L.Ed.2d 152 (1985) was reluctant to extend the meaning of the specific prohibitions in 18 USC 2314 beyond its clearly stated meanings, although at first glance one might have thought that a phone-record was a "good". The *Dowling Court* held that the language of § 2314 does not "plainly and unmistakably" cover stolen records. It said that "The phone- records in question were not "stolen, converted or taken by fraud" for purposes of § 2314. The section's language clearly contemplates a physical identity between the items unlawfully obtained and those eventually transported, and hence some prior physical taking of the subject

3

goods. But, since the statutorily defined property rights of a copyright holder have a character distinct from the possessory interest of the owner of simple "goods, wares, [or] merchandise," interference with copyright does not easily equate with theft, conversion, or fraud. The infringer of a copyright does not assume physical control over the copyright nor wholly deprive its owner of its use. Infringement implicates a more complex set of property interests than does run-of-the-mill theft, conversion, or fraud. Supra[1] Pp. 214-218. The purpose of § 2314 to fill with federal action an enforcement gap created by limited state jurisdiction over interstate transportation of stolen property does not apply to petitioner's conduct."

In *Dowling*, supra, the U.S. Supreme Court set forth standards for reviewing the reach of 18 U.S.C. § 2314.

> Federal crimes, of course, "are solely creatures of statute." *Liparota v. United States*, 471 U.S. 419, 424, 105 S.Ct. 2084, 2087, 85 L.Ed.2d 434 (1985), citing *United States v. Hudson*, 7 Cranch 32, 3 L.Ed. 259 (1812). Accordingly, when assessing the reach of a federal criminal statute, we must pay close heed to language, legislative history, and purpose in order strictly to determine the scope of the conduct the enactment forbids. Due respect for the prerogatives of Congress in defining federal crimes prompts restraint in this area, where we typically find a "narrow interpretation" appropriate. See *Williams v. United States*, 458 U.S. 279, 290, 102 S.Ct. 3088, 3094, 73 L.Ed.2d 767 (1982). Chief Justice Marshall early observed:
> "The rule that penal laws are to be construed strictly is perhaps not much less old than construction itself. It is founded on the tenderness of the law for the rights of individuals; and on the plain principle that the power of punishment is vested in the legislative, not in the judicial department. It is the legislature, not the Court, which is to define a crime, and ordain its punishment." *United States v. Wiltberger*, 5 Wheat. 76, 95, 5 L.Ed. 37 (1820).
> Thus, the Court has stressed repeatedly that " ' "**when choice has to be made between two readings of what conduct Congress has made a crime, it is appropriate, before we choose the harsher alternative, to require that Congress should have spoken in language that is clear and definite.**" ' " *Williams v. United States*, 458 U.S., at 290, 102 S.Ct., at 3094, quoting *United States v. Bass*, 404 U.S. 336, 347, 92 S.Ct. 515, 522, 30 L.Ed.2d 488 (1971),

---

[1]

which in turn quotes *United States v. Universal C.I.T. Credit Corp.*, 344 U.S. 218, 221-222, 73 S.Ct. 227, 229-230, 97 L.Ed. 260 (1952).

*Dowling v. United States*, 473 U.S. 207,213 -229, 105 S.Ct. 3127, 87 L.Ed.2d 152 (1985)

Waste from used vegetable oil was not at time of the passage of the federal statute considered a good which was normally sold at retail, or a ware stored in a warehouse, or merchandise, subject to the provisions of the Uniform Commercial Code

For example, waste from used vegetable oil could not be a good, ware, or merchandise which when received unsolicited in the mail violated R.I. Gen. Laws § 6-13-10.[3]

For example, in R.I. Gen Laws § 3-7-3, a liquor store is not allowed to sell "goods, wares, merchandise". The language suggests that the phrase "goods, wares, merchandise" means items sold at retail. Waste from used vegetable oil is clearly not an item which would be sold at retail.

The terms 'goods, wares, merchandise' is a general and comprehensive designation of such personal property or chattels as are ordinarily a subject of commerce. Black's Law Dictionary, 4th ed. 823 (1951); 1 Bouv. Law Dict. Rawle's Third Revision p. 1365 (1914). Waste at the time of the passage of the 18 USC§ 2114 was not a subject of commerce.

For example, in *United States v. Brown*, 925 F.2d 1301 (10th Cir. 1991), the indictment was dismissed on the ground that the allegedly stolen property, a computer program in source code form, did not come within the ambit of 18 U.S.C. § 2314 and §2315 as *goods, wares or merchandise*; and thus was affirmed by the 10th Circuit.

---

[3] R.I. Gen Laws§ 6-13-10. Unsolicited goods. The receipt of unsolicited goods, wares, or merchandise through the mail or otherwise shall for all purposes be deemed an unconditional gift to the recipient who may use or dispose of the unsolicited goods, wares, or merchandise in any manner he or she sees fit without any obligation on his or her part to the sender

5

On the other hand, old maps have been considered to be goods, wares and merchandise which are covered by the statute, as discussed in *United States v. Seagraves*, 265 F.2d 876 (3rd Cir. 1959)[4] because "old maps" were sold in commerce.

Waste from used vegetable oil is not displayed in retail stores for purchase for home use, is not stored as a ware in ware houses, and in the subject of the uniform commercial code as merchandise because its liquid form does subject it contends to security interests such as suits, screwdrivers, or toys.

This indictment must be dismissed as not setting forth the elements of a federal crime, to wit, interstate transportation of stolen materials within the definition of the statute in value in excess of five thousand dollars ($5000).

To the extent that the definition of the phrase "goods, wares or merchandise" in 18 USC §2314 is to be considered ambiguous, then it is still not applicable because of the rule of leniency. Ambiguities in criminal statutes should be construed in favor of leniency. See *Rewis v. United States,* 401 U.S. 808, 812, 91 S.Ct. 1056, 1059, 28 L.Ed.2d 493 (1971). The principle of lenient construction is founded upon the policies that legislatures should give fair warning of

---

[4] *United States v. Seagraves*, 265 F.2d 876 (3rd Cir. 1959). "Appellant further claims that whatever offense may have been committed was not within the ambit of 18 U.S.C. § 2314 because the maps were not, in the language of the statute '* * * goods, wares, merchandise, securities or money * * *' nor was it shown that they had a market value of $5, 000 or more. The terms 'goods, wares, merchandise' is a general and comprehensive designation of such personal property or chattels as are ordinarily a subject of commerce. Black's Law Dictionary, 4th ed. 823 (1951); 1 Bouv. Law Dict. Rawle's Third Revision p. 1365 (1914). There was evidence that maps of the type here involved are frequently sold; there was also expert testimony (other than by Gulf people) which placed the value on some of the individual maps alone at well over $5, 000. Since the maps were shown without doubt to be subjects of commerce, albeit of a specialized nature, they are goods or wares or merchandise within the terms of the *Act. Cf. Western Union Telegraph Co. v. Lenroot,* 1945, 323 U.S. 490, 502, 65 S.Ct. 335, 89 L.Ed. 414.

what conduct is prohibited and to ensure that legislatures, not judges, define criminal activity. See *United States v. Bass*, 404 U.S. 336, 347-48, 92 S.Ct. 515, 522, 30 L.Ed.2d 488 (1971).

By charging that waste from used vegetable oil is a crime under section 2314, the government has not given fair notice that waste could be considered criminal. Compare vegetable oil waste to a "forged endorsement", *United States v. Tyson*, 690 F.2d 9, 15, (1st Cir. 1982) "Therefore, based on the language of § 2314 examined as a whole and as reinforced by its legislative history, we follow our sister courts and hold that the phrase "falsely made, forged, altered, or counterfeited securities" in paragraph three of § 2314 does not include a valid security with a forged endorsement."***"We are not at liberty to speculate about appellant's guilt for a crime with which he was not charged, and thus had no notice to defend."

Transporting vegetable oil waste is not a crime. The statute speaks for itself. 18 USC§ 2314 clearly does not cover waste.

> **18 USC§ 2314.** Whoever transports, transmits, or transfers in interstate or foreign commerce **any goods, wares, merchandise, securities or money**, of the value of $5,000 or more, knowing the same to have been stolen, converted or taken by fraud; or ***

This indictment must be dismissed for lack of federal jurisdiction.

Defendant Bruce Jeremiah
By His Counsel
/s/Keven A. McKenna
Keven A. McKenna, #662;
23 Acorn Street
Providence, R.I. 02903
401 273-8200 Telephone
401 521-5821 Fax
kevenm@kevenamckennapc.com

## Certification

The Defendant hereby certifies on June 28, 2013 that he has filed the above entitled memorandum through this Honorable Court's Electronic Communications Filing System with notice provided to Assistant U.S. Attorney William J. Ferland at William.Ferland@usdoj.gov. and to Counsel for Defendant Andrew Jeremiah, James O'Neil, at jameseoneil@justice.com.

/s/*Keven A. McKenna*