**In the District Court of the United States**
**For the District of Rhode Island**

| | | |
|---|---|---|
| United States of America | : | |
| v. | : | **Cr. Case 12-180M** |
| Bruce Jeremiah | : | **In violation of 18 U.S.C. § 371,** |
| | : | **In violation of 18 U.S.C. § 2314** |

### Memorandum in Support of Motion to Replevin Unconstitutionally Seized Personality

The United States of America, without authority of law, seized money and personal property of the Defendant Bruce Jeremiah, not related to a crime, to wit,

(1) the approximate sum of $31,881.03 in the Microgen Energy account Bank of America; which were unconstitutionally seized on or about  January 23, 2013;

(2) the sum of $29,230 in cash, which were unconstitutionally seized at 35 Whitewood Drive, in Cranston, Rhode Island in the on or about  November 5, 2013; and,

(3) approximately six thousand eight hundred (6,800) gallons of processed vegetable oil, now being stored at Newport Biodiesel, business accounts seized by Newport Biodiesel, and business records, including customer receipts, one 1984 white Ford Truck, VIN,1FDNR 74NN3EVA155558, and computers, located at 31 Conduit Street, Central Falls, which were all unconstitutionally seized on or about November 9,2012.

Defendant Bruce Jeremiah demands that this Honorable Court order the United States to return those items to him forthwith.

In his affidavit of November 8, 2012, Jeffrey Cady, Special Agent of the Federal Bureau of Investigation, erroneously represented that the interstate transportation of waste from used

vegetable oil and its receipt were federal crimes pursuant to **18 U.S.C.§ 2314[1] and** 18 USC§

2315 and the items seized were the fruit of those violations and subject to seizure pursuant to **18**

**U.S.C.§ 981 (a) (1**) (C)(4) and that this Honorable Court had jurisdiction to conduct such

seizures, pursuant to **28 U.S.C. §3231**[2]

Plaintiff restates the law as set forth in his memoranda in support of his motions to

dismiss for lack of jurisdiction to adjudicate pursuant to **18 U.S.C.§ 2314**[3] the transport of

waste derived from used vegetable cooking oil as crime; or an object of an alleged criminal

conspiracy, pursuant to **18 U.S.C.§ 371,** for the collection of waste derived from used vegetable

cooking oil. Non-criminal activities cannot be the basis of a seizure or forfeiture pursuant to **18**

**USC 981n(a)(1)(c)**[4],[5]**.** Furthermore, the provisions of USC 981(a)(1)(c)[6],[7]do not provide for

forfeiture of items subject to the provisions of 18 U.S.C.§ 981.

---

[1] **18 USC§ 2314.**Whoever transports, transmits, or transfers in interstate or foreign commerce **any goods, wares, merchandise, securities or money**, of the value of $5,000 or more, knowing the same to have been stolen, converted or taken by fraud; or ***

[2] **18 U.S.C. § 3231**. District courts The district courts of the United States shall have original jurisdiction, exclusive of the courts of the States, **of all offenses against the laws of the United States.**

[3] **18 USC§ 2314.**Whoever transports, transmits, or transfers in interstate or foreign commerce **any goods, wares, merchandise, securities or money**, of the value of $5,000 or more, knowing the same to have been stolen, converted or taken by fraud; or ***

[4] **18 U.S.C.§ 981 (a) (1**) (C)The following property is subject to forfeiture to the United States (C) **Any property,** real or **personal**, which constitutes or is **derived from proceeds traceable** to a violation of section 215, 471, 472, 473, 474, 476, 477, 478, 479, 480, 481, 485, 486, 487, 488, 501, 502, 510, 542, 545, 656, 657, 670, 842, 844, 1005, 1006, 1007, 1014, 1028, 1029, 1030, 1032, or 1344 of this title **or** any offense constituting "specified unlawful activity" (as defined in section 1956(c)(7) of this title), **or a conspiracy to commit <u>such</u> offense**.

[5] **18 US.C. § 1956.** Laundering of monetary instruments. ***©(7) the term "specified unlawful activity" means- (A) any act or activity constituting an offense listed in section 1961(1) of this title except an act which is indictable under subchapter II of chapter 53 of title 31; (B) with respect to a financial transaction occurring in whole or in part in the United States, **an offense against a foreign nation involving***-

[6] **18 U.S.C.§ 981 (a) (1**) (C)The following property is subject to forfeiture to the United States (C) **Any property,** real or **personal**, which constitutes or is **derived from proceeds traceable** to

The seizure warrants furthermore in Central Falls appeared to be focus on the property which did not have the assets taken by the U.S.

Thus, for the above reasons, the United States was without a legal basis to seize the assets of the Defendants.

Furthermore, the United States lacked an evidentiary basis to proof probable cause.

If the Court provides an evidentiary hearing, the Defendant shall prove that the money seized from his Cranston home was not related to his business or revenue from waste derived from the receipt of waste from used vegetable oil in Massachusetts.

The Defendant has clients in Rhode Island who provide waste from used vegetable oil for processing in his rental facility in Central Falls. If the Court provides an evidentiary hearing, the Defendant shall prove that the 6800 gallons seized from his Central Falls tanks were in the majority from Rhode Island clients and not Massachusetts based restaurants.

Defendant reserves the right to supplement this memorandum should an evidentiary hearing be necessary.

---

a violation of section 215, 471, 472, 473, 474, 476, 477, 478, 479, 480, 481, 485, 486, 487, 488, 501, 502, 510, 542, 545, 656, 657, 670, 842, 844, 1005, 1006, 1007, 1014, 1028, 1029, 1030, 1032, or 1344 of this title **or** any offense constituting "specified unlawful activity" (as defined in section 1956(c)(7) of this title), **or a conspiracy to commit such offense**.

[7] **18 US.C. § 1956.** Laundering of monetary instruments. ***(c)(7) the term "specified unlawful activity" means- (A) any act or activity constituting an offense listed in section 1961(1) of this title except an act which is indictable under subchapter II of chapter 53 of title 31; (B) with respect to a financial transaction occurring in whole or in part in the United States, **an offense against a foreign nation involving***-

Bruce Jeremiah
By His Counsel
/s/Keven A. McKenna
Keven A. McKenna, #662;
23 Acorn Street
Providence, R.I. 02903
401 273-8200 Telephone
401 521-5821 Fax
kevenm@kevenamckennapc.com;

**Certification**

The Defendant hereby certifies on June 28, 2013 that he has filed the above entitled

motion and attached memorandum through this Honorable Court's Electronic Communications

Filing System with notice provided to Assistant U.S. Attorney William Ferland at

William.Ferland@usdoj.gov and James O'Neil at jameseoneil@justice.com.

/s/*Keven A. McKenna*